Slip Op. 18-147

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JSW STEEL LTD. AND JSW STEEL COATED PRODUCTS LTD., <br><br> *Plaintiffs,* <br><br> v. <br><br> UNITED STATES, <br><br> *Defendant,* <br> and <br><br> AK STEEL CORP.; STEEL DYNAMICS, INC.; CALIFORNIA STEEL INDUS., INC.; ARCELORMITTAL USA LLC; AND NUCOR CORP., <br><br> *Defendant-Intervenors.* | Before: Richard W. Goldberg, Senior Judge <br> Court No. 16-00165 |

### OPINION AND ORDER

[Sustaining the Department of Commerce's remand redetermination.]

Dated:   October 23, 2018

*Mark D. Davis*, Davis & Leiman PC, and *Irene H. Chen*, Chen Law Group LLC, of Washington, D.C., for plaintiffs.

*Claudia Burke*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, for defendant.  With her on the brief were *Chad A. Readler*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Elizabeth Speck*, Senior Trial Counsel.  Of counsel on the brief was *Nikki Kalbing*, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

*John W. Bohn*, Schagrin Associates, of Washington, D.C., for defendant-intervenors. With him on the brief was *Roger B. Schagrin*, Schagrin Associates, of Washington, D.C.

Goldberg, Senior Judge:  Now before the court are the Final Results of Redetermination Pursuant to Court Remand, ECF No. 76 (Aug. 7, 2018) ("Remand Results") of the Department of Commerce ("the Department" or "Commerce") in the countervailing duty ("CVD")

investigation of certain corrosion-resistant steel products from India. *Certain Corrosion-Resistant Steel Products from India*, 81 Fed. Reg. 35,323 (Dep't Commerce June 2, 2016) (final determ.), and accompanying Issues & Decision Mem. In compliance with the court's remand, *JSW Steel Ltd. v. United States*, 42 CIT __, 315 F. Supp. 3d 1379 (2018) ("*JSW Steel I*"), the Department has recalculated the CVD rate for JSW Steel Ltd. and JSW Steel Coated Product Ltd. (collectively "JSW") as 4.24 percent. Remand Results at 18. Because Commerce has now supported its determination with substantial evidence, the court sustains the Remand Results.

For the purposes of this opinion, familiarity with the facts is presumed. *See JSW Steel I*, 42 CIT at __, 315 F. Supp. 3d at 1380–81. The court's prior order faulted Commerce for applying adverse facts available ("AFA") under 19 U.S.C. § 1677e(b) "without substantial evidence to support the required threshold finding that there was a gap in the record warranting the use of facts available" under § 1677e(a). *Id.*, 42 CIT at __, 315 F. Supp. 3d at 1382. That is, "Commerce [] failed to show that it requested information concerning [JSW affiliate, JSW Steel (Salav) Ltd. ("Salav")] that was then withheld by JSW" such that its application of AFA was unwarranted. *Id.* As a result, the court remanded the proceedings to Commerce.

In an attempt to satisfy the court's remand order, Commerce has reversed its decision to apply a punitive AFA rate and has reduced JSW's rate to 4.24 percent. Remand Results at 18. For its part, JSW asks that the court sustain Commerce's recalculated margin. *See* Pl.'s Comments on Final Results of Redetermination Pursuant to Ct. Remand, ECF No. 80 (Sept. 4, 2018).

The court's review is limited to confirming that Commerce has complied with the court's remand order and has done so in a manner that is supported by substantial evidence and in accordance with law. *See* 19 U.S.C. § 1516a(b)(1)(B)(i); *Ad Hoc Shrimp Trade Action Comm. v.*

Court No. 16-00165

*United States*, 38 CIT __, __, 992 F. Supp. 2d 1285, 1290 (2014).  As "Commerce [has] recalculate[d] JSW's CVD rate without regard to Salav or any subsidies Salav may have received," *JSW Steel I*, 42 CIT at __, 315 F. Supp. 3d 1379 at 1384, the court finds that the Final Results do indeed comply with the remand order.  Notwithstanding Commerce's views to the contrary,[1] *see generally* Remand Results, the fact remains that the Department never requested the information upon which it previously sought to apply AFA.  *See JSW Steel I*, 42 CIT at __, 315 F. Supp. 3d at 1382.  Due to the Department's abandonment of the AFA rate—and for the reasons stated in the court's prior opinion—Commerce's determination is supported by substantial evidence and in accordance with law.

Accordingly, Commerce's Remand Results are **SUSTAINED** and judgment is entered.

/s/ Richard W. Goldberg
Richard W. Goldberg
Senior Judge

Dated: October 23, 2018
New York, New York

---

[1] Commerce now mischaracterizes the court's prior remand as predicated on a misunderstanding as to the operation of the Department's subsidy attribution practice.  Remand Results at 8.  However, the court's prior opinion expressed dissatisfaction not with Commerce's practices but with the Department's questionnaire.  *See JSW Steel I*, 42 CIT at __, 315 F. Supp. 3d at 1383–84.  Discussion of Commerce's practices surrounding the treatment of certain information is of no moment as long as the Department *did not actually request that information*.

3